**UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD**

LUIS A. ALVARADO,
      Appellant,

      v.

DEPARTMENT OF VETERANS
  AFFAIRS,
      Agency.

DOCKET NUMBER
NY-1221-16-0281-W-1

DATE: August 12, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Luis A. Alvarado</u>, Cidra, Puerto Rico, pro se.

<u>Ana M. Margarida</u>, Esquire, San Juan, Puerto Rico, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).[2]

¶2      The appellant, a Podiatric Physician at the VA Medical Center in San Juan, Puerto Rico, filed an IRA appeal in which he argued that the agency had retaliated against him by suspending him for 14 days because he encouraged a subordinate to pursue allegations of sexual harassment.  Initial Appeal File (IAF), Tab 1 at 4.  With his appeal, the appellant submitted a copy of a July 5, 2016 letter of decision, mitigating his proposed removal for misconduct to a 14-day suspension, effective July 25 through August 11, 2016. *Id.* at 8-9.  The appellant also submitted a May 17, 2016 letter from the Office of Special Counsel (OSC) notifying him that it was closing its file on "his complaint" and affording him the right to pursue the matter to the Board. *Id.* at 12.  The appellant requested a hearing. *Id.* at 3.

¶3      In acknowledging the appeal, the administrative judge alerted the appellant to a possible jurisdictional issue related to exhaustion.  IAF, Tab 3.  She explained the means by which he could establish exhaustion, and she ordered him to demonstrate that he exhausted his OSC remedy as to the matter being appealed

---

[2] We have reviewed the relevant legislation enacted during the pendency of this appeal and have concluded that it does not affect the outcome of the appeal.

and to otherwise establish the Board's jurisdiction over the appeal. *Id.* The appellant did not respond.

¶4 In an initial decision based on the written record, the administrative judge first found that, as a health care professional appointed under 38 U.S.C. § 7401(1), the appellant can bring an IRA appeal to the Board. *Harding v. Department of Veterans Affairs*, 448 F.3d 1373, 1377 (Fed. Cir. 2006); *Hawker v. Department of Veterans Affairs*, 123 M.S.P.R. 62, 64 n.1 (2015); IAF, Tab 6, Initial Decision (ID) at 3. The administrative judge further found, however, that the appellant failed to establish that he exhausted his remedy with OSC regarding the 14-day suspension. ID at 4. Accordingly, she dismissed the appeal for lack of jurisdiction. ID at 5.

¶5 The appellant has filed a petition for review, Petition for Review (PFR) File, Tab 1, to which the agency has responded in opposition, PFR File, Tab 3.

¶6 On review, the appellant argues that he did not respond to the administrative judge's jurisdictional order because it was sent to him while he was serving the 14-day suspension, that, during that time, he was not at his address of record, but rather on "free time away from home," and that, when he returned on August 12, 2016, he read the Board's letter with a "past due date of 8/10/16." PFR File, Tab 1 at 1. It is well established that an appellant is responsible for ensuring the receipt of his mail. *Lima v. Department of the Air Force*, 101 M.S.P.R. 64, ¶ 4 (2006). We find, therefore, that the appellant's delayed receipt of the administrative judge's order was the product of his failure to advise the Board that he would not be at his address of record during the 15 calendar days the administrative judge gave him to respond to the jurisdictional order. Moreover, he has failed to explain why he did not respond to the administrative judge's order when he returned to his home, notwithstanding the due date, since the initial decision was not issued until approximately 2 weeks later. *See, e.g.*, *Young v. Merit Systems Protection Board*, 961 F.3d 1323, 1326 n.1 (Fed. Cir. 2020) (outlining that in her IRA appeal, the appellant did not

respond to the administrative judge's order on jurisdiction nor did she seek an extension to do so). Nor has the appellant set forth what his response to the administrative judge's order would have been and how it would have affected the outcome of his appeal.

¶7   The appellant has not challenged the administrative judge's dismissal of the appeal for lack of jurisdiction based on his failure to show that he exhausted his remedy with OSC as to his 14-day suspension. As the administrative judge correctly found, the closure letter the appellant submitted could not relate to the suspension because OSC closed its file on that complaint nearly 2 months before the appellant learned that the suspension would be imposed. ID at 5. Although ordered to do so, IAF, Tab 3 at 3, the appellant did not submit a copy of the OSC complaint he filed, or any additional correspondence, that relates to the closure letter he submitted. As such, he has not shown that the administrative judge erred in finding that he failed to satisfy the exhaustion requirement,[3] *Shibuya v. Department of Agriculture*, 119 M.S.P.R. 537, ¶ 26 (2013), and that therefore his appeal was properly dismissed for lack of jurisdiction, *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001).

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such

---

[3] The appellant argues on review that, on August 29, 2016, after the initial decision was issued, and again on September 6, 2016, he was contacted by an OSC employee who told him that his case might be reopened. PFR File, Tab 1 at 1. If the appellant can establish that he exhausted his remedy with OSC as to some action other than the 14-day suspension, and if OSC in fact reopens its investigation into that matter, the appellant can file a new IRA appeal within 65 days after any new close-out letter from OSC or, in the absence of a final OSC determination, at any time following 120 days from his having sought further corrective action. *Morrison v. Department of the Army*, 77 M.S.P.R. 655, 661-62 (1998).

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. [5 U.S.C. § 7702](b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3)** **<u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under [5 U.S.C. § 2302](b)(8) or other protected activities listed in [5 U.S.C. § 2302](b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5] The court of appeals must <u>receive</u> your petition for

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on

review within **60 days** of <u>the date of issuance</u> of this decision.   <u>5 U.S.C. § 7703</u>(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                            /s/ for
                                          _____
                                          Jennifer Everling
                                          Acting Clerk of the Board

Washington, D.C.